# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

**INDICTMENT**

CLEVELAND TYRONE FERGUSON II
  a/k/a "Wunchy"
  and
DAMIEN CHARLES CURTIS
  a/k/a "Damien Charles Harris"
  a/k/a "Skeet"

1:26CR17 AW/ML

_____/

**THE GRAND JURY CHARGES:**

## COUNT ONE

Between on or about October 15, 2025, and on or about March 3, 2026, in the Northern District of Florida and elsewhere, the defendants,

**CLEVELAND TYRONE FERGUSON II,**
a/k/a "Wunchy,"
**and**
**DAMIEN CHARLES CURTIS,**
a/k/a "Damien Charles Harris,"
a/k/a "Skeet,"

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons to distribute and possess with intent to distribute a controlled substance, and this offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and

FILED USDC FLND GV
MAY 26 '26 PM12:10

geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846.

Enhanceable Prior Convictions

On or about May 13, 1993, **CLEVELAND TYRONE FERGUSON II** was convicted in the United States District Court for the Northern District of Florida of a serious drug felony, that is, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and was released from service of that term within fifteen years of the commencement of the offense charged in this count.

On or about August 11, 2004, **CLEVELAND TYRONE FERGUSON II** was convicted in the United States District Court for the Northern District of Florida of a serious drug felony, that is, Conspiracy to Manufacture, Distribute and to Possess with Intent to Manufacture and Distribute Cocaine and Cocaine Base, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and was released from service of that

2

term within fifteen years of the commencement of the offense charged in this count.

## COUNT TWO

On or about March 3, 2026, in the Northern District of Florida, the defendant,

**DAMIEN CHARLES CURTIS,**
**a/k/a "Damien Charles Harris,"**
**a/k/a "Skeet,"**

did knowingly and intentionally distribute a controlled substance, and this offense involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT THREE

On or about March 3, 2026, in the Northern District of Florida, the defendant,

**CLEVELAND TYRONE FERGUSON II,**
**a/k/a "Wunchy,"**

did knowingly and intentionally possess with intent to distribute a controlled substance, and this offense involved 500 grams or more of a mixture and substance

3

containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Enhanceable Prior Convictions</u>

On or about May 13, 1993, **CLEVELAND TYRONE FERGUSON II** was convicted in the United States District Court for the Northern District of Florida of a serious drug felony, that is, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and was released from service of that term within fifteen years of the commencement of the offense charged in this count.

On or about August 11, 2004, **CLEVELAND TYRONE FERGUSON II** was convicted in the United States District Court for the Northern District of Florida of a serious drug felony, that is, Conspiracy to Manufacture, Distribute and to Possess with Intent to Manufacture and Distribute Cocaine and Cocaine Base, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), and Title 21, United States Code, Section 802(58), for which he served a term of

4

imprisonment of more than twelve months and was released from service of that term within fifteen years of the commencement of the offense charged in this count.

## COUNT FOUR

On or about March 3, 2026, in the Northern District of Florida, the defendant,

**DAMIEN CHARLES CURTIS,**
**a/k/a "Damien Charles Harris,"**
**a/k/a "Skeet,"**

did knowingly and intentionally possess with intent to distribute a controlled substance, and this offense involved 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers; and cocaine base, commonly known as "crack cocaine."

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(C).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of Title 21, United States Code, Section 853.

From their engagement in the violations charged in Counts One through Four of this Indictment, punishable by imprisonment for more than one year, the defendants,

**CLEVELAND TYRONE FERGUSON II,**
**a/k/a "Wunchy,"**
**and**
**DAMIEN CHARLES CURTIS,**
**a/k/a "Damien Charles Harris,"**
**a/k/a "Skeet,"**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all of his interest in:

A.   Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations.

B.   Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

     i.   cannot be located upon the exercise of due diligence;

     ii.   has been transferred, sold to, or deposited with a third party;

     iii.   has been placed beyond the jurisdiction of this Court;

     iv.   has been substantially diminished in value; or

v.    has been commingled with other property that cannot be

subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of the defendant, up to the

value of the above forfeitable property.

A TRUE BILL:

Redacted

FOREPERSON

_____May 26, 2026_____
DATE

_____
JOHN P. HEEKIN
United States Attorney

_____
ADAM HAPNER
Assistant United States Attorney

7